### TED LIVESAY V. STATE

No. 28,417. June 20, 1956.

*Chas. H. Dean*, Plainview, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for aggravated assault; the punishment, a fine of $100.

The complaint alleges the assault to have been made by Ted Livesay upon Weldon Smith, a city police officer of the city of Plainview, then in the lawful discharge of the duties of his office, and further alleges "and the said J. T. Livesay then and there being informed and knowing that the said Weldon Smith was then and there an officer discharging an officer's duties * * *."

In order to charge an aggravated assault under Art. 1147, Sec. 1, V.A.P.C., it is necessary that it be alleged and proved that it was known or declared to the offender that the person assaulted was an officer discharging an official duty.

No such allegation is found in the complaint before us, the quoted allegation being to the effect that such was known and declared to "said J. T. Livesay." The statement of facts forecloses a finding that Ted Livesay and J. T. Livesay are one and the same person. It shows that J. T. Livesay is a brother of Ted Livesay.

In the absence of a valid complaint the information will not support a conviction for the offense of aggravated assault. Addison v. State, 283 S.W. 2d 55; Byrom v. State, 158 Tex. Cr. R. 427, 256 S.W. 2d 853.

The judgment is reversed and the cause is remanded.